**BRYAN CAVE LEIGHTON PAISNER LLP**
Allison C. Eckstrom, SBN 217255
*allison.eckstrom@bclplaw.com*
Christopher J. Archibald, SBN 253075
*christopher.archibald@bclplaw.com*
1920 Main Street, Suite 1000
Irvine, California 92614-7276
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendant
Walgreen Co.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM ALEMNEW, on behalf of himself and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO.; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:23-cv-309<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>*[Concurrently Filed With Civil Cover Sheet; Declaration of Joseph B. Amsbary, Jr.; Declaration Of Alicia Musgrove; Corporate Disclosure Statement; and Disclosure of Conflicts and Interested Entities and Persons]* |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Walgreen Co. ("Walgreens" or "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California, pursuant to the Class Action Fairness Act ("CAFA") as set forth in 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453, on the grounds that: (1) Plaintiff Abraham Alemnew ("Plaintiff") is a "citizen of a State different from" Defendant; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;" and (3) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100.

## PROCEDURAL BACKGROUND

1. On December 16, 2022, Plaintiff commenced a class-action lawsuit against Defendant in the Superior Court of the State of California for the County of Santa Clara, entitled "*Abraham Alemnew, on behalf of himself and others similarly situated, Plaintiff vs. Walgreen Co., and Does 1 through 100, inclusive, Defendants*," Case No. 22CV408479.

2. On December 21, 2022, Plaintiff served Defendant with the following documents: (a) Summons; (b) Class Action Complaint; (c) Civil Case Cover Sheet; (d) Alternative Dispute Resolution (ADR) package; and (e) Civil Lawsuit Notice. A true and correct copy of the Summons is attached hereto as "**Exhibit 1**." A true and correct copy of the Class Action Complaint is attached hereto as "**Exhibit 2**." A true and correct copy of the Civil Case Cover Sheet is attached hereto as "**Exhibit 3**." A true and correct copy of the Alternative Dispute Resolution (ADR) package is attached hereto as "**Exhibit 4**." A true and correct copy of the Civil Lawsuit Notice is attached hereto as "**Exhibit 5**." In addition, Defendant obtained all other documents listed in the State court docket. A true and correct copy of the Proof of Service of Summons is attached hereto as "**Exhibit 6**." Order Deeming Case Complex and Staying Discovery and Responsive Pleading Deadline is attached hereto as "**Exhibit 7**."

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614-7276

3. On January 19, 2023, Defendant filed an Answer to the Complaint. A true and correct copy of the Answer is attached hereto as "**Exhibit 8**."

4. Exhibits 1 through 8 to this Notice of Removal constitute all pleadings, process and orders served in this action at the time of removal, as well as all other documents on the State court docket.

5. Plaintiff's Complaint defines the putative class as "current, former, and/or future employees of Defendant as direct employees as well as temporary employees employed through temp agencies who work as hourly non-exempt employees" in the State of California within the four (4) years prior to the filing of Plaintiff's Compliant.[1] (Complaint, ¶ 3.)

6. Plaintiff alleges the following causes of action against Defendant on behalf of himself and the putative class: (1) Failure to Pay Wages for All Hours Worked at Minimum Wage; (2) Failure to Pay Overtime Wages for Daily Overtime Worked; (3) Failure to Authorize or Permit Meal Periods; (4) Failure to Authorize or Permit Rest Periods; (5) Failure to Pay Wages for Accrued Paid Sick Days at the Regular Rate of Pay; (6) Failure to Timely Pay Earned Wages During Employment; (7) Failure to Provide Complete and Accurate Wage Statements; (8) Failure to Pay All Wages Timely Upon Separation of Employment; and (9) Unfair Business Practices.

## REMOVAL IS TIMELY

7. A case may be removed at any time, provided that neither of the two 30-day periods under 28 U.S.C. § 1446(b)(1) and (b)(3) has been triggered. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013).

8. 28 U.S.C. § 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

---

[1] Plaintiff held the position of Customer Service Associate (CSA) while employed by Walgreens. (Declaration of Alicia Musgrove ("Musgrove Decl."), ¶ 2.) Walgreens does not utilize temporary workers (through a temporary staffing agency) to perform the work duties of a CSA in its retail store locations. (*Id.* at ¶ 6.) Therefore, the putative class includes only direct employees of Defendant.

9. "[N]otice of removability under § 1446(b)(1) is determined through examination of the four corners of the applicable pleadings[.]" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Here, the Complaint does not "reveal on its face the facts necessary for federal court jurisdiction." *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (quoting *Harris*, 425 F.3d at 691–92). Specifically, it does not reveal on its face that the amount in controversy exceeds $75,000 for traditional diversity purposes, nor that the amount in controversy exceeds $5,000,000 for CAFA removal purposes.

10. Plaintiff also never served Defendant with an "other paper" sufficient to trigger the second 30-day clock. 28 U.S.C. § 1446(b)(3). Indeed, Plaintiff has not served Defendant with any documents other than those attached as Exhibits 1-5 to this Notice of Removal.

11. Therefore, because neither of the two 30-day periods under 28 U.S.C. § 1446(b)(1) and (b)(3) has been triggered, removal is timely.

12. Defendant also removed this action within 30 days of being served, so removal is timely.

## JURISDICTION

## PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL UNDER CAFA

13. The Court has original jurisdiction over this action pursuant to CAFA. As such, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453.

14. Under CAFA, the federal district court has jurisdiction if:

   a) There are at least 100 class members in all proposed plaintiff classes; and

   b) The combined claims of all class members exceed $5 million exclusive of interest and costs; and

   c) Any class member (named or not) is a citizen of a different state than any defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B) and 1453(a).

A. The Diversity Of Citizenship Requirement Is Satisfied

15. **Plaintiff is A Citizen of California**. A person is a "citizen" of the state in which he/she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A

1  person's domicile is the place he/she resides with the intention to remain or to which he/she intends
2  to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that
3  he is a California resident. (Complaint, ¶ 3.) He claims that he has worked for Defendant from
4  approximately August 2021 until on or about December 23, 2021. (*Id.*) Throughout his
5  employment with Walgreen Co., Plaintiff was employed at Defendant's store located at 745 E.
6  Dunne Avenue, Morgan Hill, California 95037 (Store Number 04516). (Musgrove Decl., ¶ 2.) At
7  all relevant times, Plaintiff maintained a residential address in Morgan Hill, California. (*Id.*)
8  Therefore, Plaintiff resided in California at the time the action was commenced and intended to
9  remain there. As such, Plaintiff is and, at all times since the commencement of this action has
10 been, a resident and citizen of California.

11        16.    **Defendant Walgreen Co. ("Walgreens") is a Citizen of Illinois**. At the time of
12 the filing of this action, Walgreens was, and still is, a corporation incorporated under the laws of
13 the State of Illinois with its principal place of business in Illinois. (Declaration of Joseph Amsbary
14 ("Amsbary Decl."), ¶ 2.)

15        17.    Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of
16 any state by which it has been incorporated and of the state where it has its principal place of
17 business. The Supreme Court has established the proper test for determining a corporation's
18 principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S.
19 77 (2010). The Court held that the "'principal place of business' [as set forth in section 1332(c)]
20 is best read as referring to the place where a corporation's officers direct, control, and coordinate
21 the corporation's activities." *Id*. at 92-93. The Court further clarified that the principal place of
22 business was the place where the corporation "maintains its headquarters – provided that the
23 headquarters is the actual center of direction, control and coordination." *Id*. at 93; *see also*
24 *Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding
25 that a corporation's principal place of business is the state in which it performs a substantial
26 predominance of its corporate operations and, when no state contains a substantial predominance
27 of the corporation's business activities, then the corporation's principal place of business is the
28 state in which the corporation performs its executive and administrative functions.)

18. Walgreens' corporate headquarters are located in Deerfield, Illinois where its officers direct, control and coordinate its activities. (Amsbary Decl., ¶ 2.) Walgreens' operations are managed from this location, including, but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations. (*Id.*)

19. Thus, for diversity purposes, Walgreen Co. is a citizen of Illinois.

20. **The Citizenship of "Doe Defendants" Must Be Disregarded.** The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a).

21. The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the citizenship of at least one putative class member is diverse from the citizenship of at least one defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff, a putative class member, is a citizen of California. (Musgrove Decl., ¶ 2; Complaint, ¶ 2.) Defendant is a citizen of Illinois. (Amsbary Decl., ¶ 2.) The citizenship of "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1). Therefore, the requisite minimal diversity exists between the parties.

B.    There Are At Least 100 Class Members in the Proposed Class

22. Plaintiff purports to bring this action on behalf of "current, former, and/or future employees of Defendant as direct employees as well as temporary employees employed through temp agencies who work as hourly non-exempt employees" in the State of California within the four (4) years prior to the filing of Plaintiff's Compliant. (Complaint, ¶ 3.) Based on the proposed class period, as alleged in the Complaint, since December 16, 2018, through the date of this removal, Walgreens has employed more than 100 individuals in California as non-exempt employees. (Musgrove Decl., ¶ 3.)

23. However, Walgreens recently settled a class action lawsuit, which (1) involved the same putative class as alleged here and (2) included a release of all of the claims alleged in the Complaint. (Musgrove Decl., ¶ 3; s*ee Kenneth President v. Walgreen Co.*, Santa Clara Superior Court Case No. 20CV368984 (hereinafter referred to as "*President*" or "the *President*

Settlement")).  The release of claims in the *President* Settlement bars Plaintiff's claims for the period from August 3, 2016, through April 30, 2022.  (*Id.*)

24.  Defendant denies Plaintiff's claims and makes no admission by way of this removal.

25.  Limiting the putative class only to the post-*President* timeframe, at least **11,036** individuals fall within the putative class.  (Musgrove Decl., ¶ 4.)  Of these 11,036 individuals, **3,247** separated from their employment with Walgreens during the relevant timeframe.  (*Id.* at ¶ 5.)  The average hourly rate of pay at the time of termination for these terminated employees is **$15.76**.  (*Id.*)

C.  The Requisite $5 Million Amount In Controversy Is Satisfied[2]

26.  Based on the allegations in the Complaint, the alleged amount in controversy easily exceeds $5 million.

27.  Plaintiff's Complaint alleges five (5) theories of liability to support claims for unpaid wages against Defendant, including alleged unpaid minimum wages, unpaid overtime wages, unpaid meal break premiums, unpaid rest break premiums, and unpaid sick pay wages due to failure to pay such wages at the regular rate of pay.  (Complaint, ¶¶ 26-94.)

28.  Plaintiff's Complaint also alleges a derivative claim for failure to pay all wages timely upon separation of employment in violation of Labor Code Sections 201, 202, and 203.  (Complaint, ¶¶ 112-121.)  Plaintiff's waiting-time penalty claim derives entirely from the alleged underlying violations of the California Labor Code for unpaid wages and premiums.  Plaintiff seeks penalties pursuant to Labor Code Section 203 for all putative class members who were terminated or resigned from their employment with Defendant equal to their daily wage times thirty (30) days.  (Complaint, ¶ 118.)  Although the statute of limitations for penalties under

---

[2] In alleging the amount in controversy for purposes of CAFA removal, Defendant does not concede in any way that the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint.  Nor does Defendant concede that any or all of the putative class members are entitled to any recovery in this case, or are appropriately included in the putative class.

California Labor Code Section 203 is three (3) years, *see* Cal. Civ. Proc. Code § 338(a), as noted above, Plaintiff's claim for waiting-time penalties must be limited to the post-*President* timeframe.

29. Accordingly, if Plaintiff succeeds in establishing liability for unpaid wages, any putative class member who stopped working for Walgreens at any time from May 1, 2022, to the entry of judgment would be entitled to 30 days' continuation of wages as a penalty under California Labor Code Section 203.

30. Furthermore, the assumption of a 100% violation rate for removal purposes is appropriate where, as here, the Complaint alleges multiple theories of liability to support waiting-time penalties. *See Cabrera v. South Valley Almond Company*, 2021 WL 5937585, *10 (E.D. Cal. 2021) (finding that 100% violation rate for waiting time penalty claim was reasonable, despite that plaintiff alleged violations only occurred "at times," because "the recitation of the waiting time claim expressly incorporates allegations as to multiple types of Labor Code violations…Thus, the Court finds it is reasonable to assume…that final paychecks for all separated employees violated section 201 or section 202.").

31. The fact that a 100% violation rate is reasonable for the waiting-time penalty claim is also supported by *TransUnion v. Ramirez*, 141 S.Ct. 2190, 2197 (2021), in which the United States Supreme Court held that "[o]nly plaintiffs concretely harmed by a defendant's statutory violation have Article III standing to seek damages against that private defendant in federal court" and that certain class members who were not harmed by defendant had no standing to bring claims against it. As such, in order to have standing in this case, every class member, here, must have suffered at least one of the Labor Code violations alleged by Plaintiff. Therefore, each putative Class Member who separated from their employment with Walgreens since May 1, 2022, is entitled to waiting time penalties in the amount of their daily wage times thirty (30) days.

32. The number of putative class members who stopped working for Walgreens post-*President* is 3,247. (Musgrove Decl., ¶ 5.) Thus, according to Plaintiff's allegations, Plaintiff contends that former putative class members are entitled to recover at least **$12,281,452.80** in waiting-time penalties (*i.e.* $15.76 [average hourly rate of pay for former putative class members] x 8 hours x 30 days x 3,247 [number of former putative class members]).

33. In light of the foregoing, Plaintiff's waiting-time penalty claim, alone, establishes the requisite jurisdictional minimum of $5 million for purposes of removal under CAFA.

34. Notably, the claimed amount in controversy for removal purposes *excludes* the potential liability for Plaintiff's claims for unpaid minimum wages, unpaid overtime wages, wage statement penalties, failure to timely pay wages during employment, unpaid sick pay wages, unpaid meal break premiums, and unpaid rest break premiums, all of which will only *increase* the amount in controversy. In the event Plaintiff seeks to remand this case, Defendant reserves its right to include calculations with respect to the amount in controversy for each of those claims in its opposition. *Molina v. Pacer Cartage*, 47 F.Supp.3d 1061 (S.D. Cal. 2014).

35. Accordingly, removal of this action under CAFA is proper under 28 U.S.C. §1332(d).

## THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

36. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the district in which the action is pending. The Santa Clara County Superior Court is located within the Northern District of California. Therefore, venue is proper in this court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

37. In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

38. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Santa Clara. Notice of Compliance shall be filed promptly afterwards with this court.

39. As required by Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15, Defendant concurrently filed its Certificate of Interested Entities or Persons.

## CONCLUSION

For the foregoing reasons, Defendant hereby removes the above-entitled action to United States District Court for the Northern District of California.

Dated: January 20, 2023

Allison C. Eckstrom
Christopher J. Archibald
**BRYAN CAVE LEIGHTON PAISNER LLP**

By: _____
    Allison C. Eckstrom

Attorneys for Defendant Walgreen Co.